# Exhibit A

| | |
|---|---|
| **State of Maine** | **Superior Court** |
| **Androscoggin, ss.** | **Location: Auburn** |
| | **Docket No.** |

Lewiston-Auburn Motorcycles, Inc.        ]
Dba L-A Harley Davidson                  ]
C/o Brian D. Condon, Jr., Esq.           ]
126 Main St.                             ]
PO Box 169                               ]
Winthrop, ME  04364                      ]
                                         ]
v.                                       ]      COMPLAINT
Defendant                                ]
                                         ]
Vensure Employer Services, Inc.          ]
14497 N. Dale Mabry Hwy.                 ]
Suite 215                                ]
Tampa, FL 33618                          ]
                                         ]
And                                      ]
CUNNINGHAM & ASSOCIATES                  ]
218 Shrewsbury St.                       ]
Suite 201-202                            ]
Worcester, MA 01604                      ]

NOW COMES THE PLAINTIFF, Lewiston-Auburn Motorcycles, Inc., and complains as follows against the Defendant.

### Factual Averments in Regards to the Parties:

1. The Plaintiff Lewiston-Auburn Motorcycles, Inc. (L/A) is a Maine Corporation with its principal place of business in Lewiston, Androscoggin County, Maine.

2. The Defendant, Vensure Employer Services, Inc. (VES) is an Arizona Corporation with a principal place of business in Chandler, Maricopa County, Arizona, and a Registered Agent in Tampa, Florida.

3. Vensure Employer Services, Inc. is a "Professional Employer Organization" or "PEO" who's business is to perform human resources, tax filing, payroll, and other services on behalf of businesses.

4. Cunningham & Associates Consulting, LLC ("CAC") is a Massachusetts Limited Liability Company of Worchester, Massachusetts.

5. As a PEO, VES is responsible for filing many of their clients payroll forms, which includes the IRS form 941 and any amendments thereto.

6. The Plaintiff engaged the Defendant VES to act as its PEO, and the Defendant has been the Plaintiff's PEO since 2019.

7. The Defendant charged the Plaintiff for its services.

8. The Plaintiff engaged CAC to complete certain calculations and tax forms for collection and application of the Employee Retention Tax Credit (ERTC).

9. At all times mentioned under this complaint, the Plaintiff was up to date on its payments and amounts due to both Defendants.

**Facts in Regards to the Employee Retention Tax Credit**

10. The Employee Retention Tax Credit (ERTC) is a tax credit enacted under the March, 2020 Coronavirus Aid, Relief, and Economic Security Act, and was amended by the 2021 Consolidated Appropriations Act, the American Rescue Plan Act, and the Infrastructure Investment and Jobs Act.

11. L/A suffered a loss of business during the pandemic and maintained its employees during that time period, thus qualifying them for the Employee Retention Tax Credit Act.

12. One method of claiming the ERTC is to file an "amended" for 941 with the IRS for each quarter the credit would be claimed. This form is called a, "941-X".

13. The ability to claim the ERTC began for wages paid from March, 2020 through December, 2021, with certain exceptions.

14. L/A would qualify for the ERTC for the following quarters: p/o Q1, 2020; Q2, 2020; Q3, 2020; Q4, 2020; Q1, 2021; Q2, 2021; Q3, 2021.

15. On March 1, 2021, the IRS issued Notice 2021-20 that outlined how the ERTC was to be claimed and that PEO's like the Defendant were the only parties who could claim the credit on behalf of their customers using a Form R.

16. Because PEO's like the Defendant utilize their own Employee Identification Number (EIN) to file the original 941 forms, and are actually listed on employee W2's and pay stubs as the "employer", then L/A could not file its own 941-X form to claim the ERTC.

17. At no time during any of the amendments to the ERTC did L/A lose its eligibility for the tax credit.

18. CAC was engaged to complete the ERTC process and paid an up front "percentage" of the prospective recovery of the ERTC, which was based upon completion of a 941-X form.

19. CAC completed the calculations, but did not draft the 941-X as contracted to do so, and did not follow up with the PEO, VES, to assure that the forms were in fact completed and filed.

**Factual Averments in Regards to Defendants' Actions**

20. The Defendant VES was responsible for filing the 941-x on behalf of itself and for the benefit of the Plaintiff.

21. As early as June, 2022, the Plaintiff contacted the Defendant VES inquiring as to when the 941-x would be filed for the ERTC.

22. The Defendant VES answered the Plaintiff and eventually said they were not responsible for calculating the numbers, but would certainly file the 941-x if the numbers were calculated for them.

23. In September of 2022, the Plaintiff hired CAC, an accounting firm, to calculate the numbers for the 941-x, and draft the 941-x, at great expense to the Plaintiff. These numbers were presented to the Defendant VES and it is not known who drafted, if either Defendant, the 941-x.

24. On October 7, 2022, the Defendant VES was presented with the numbers for the 941-x to claim the ERTC.

25. On November 1, 2022, the Plaintiff received an email assuring the Plaintiff that the numbers were received by the Defendant VES and that the 941-x would be filed, "Next Quarter", or January-March, 2023.

26. On February 23, 2023, the Plaintiff, via email, inquired from the Defendant VES as to whether or not the ERTC claim had been filed on the 941-x.

27. On February 23, 2023, the Defendant VES, via email, assured the Plaintiff that its 941-x was filed claiming the ERTC on 12/15/2022. In said email they admitted it was a "late filing" and they "made an exception".

28. In the February 23, 2023 email from the Defendant VES, the Defendant admitted to having started receiving ERTC refunds for other clients.

29. On June 7, 2023 the Plaintiff inquired again about the ERTC as they had not heard anything at all, and had not received a copy of the 941-x form that was allegedly filed with the IRS on 12/15/2022.

30. On June 12, 2023, the Defendant VES contacted the Plaintiff via email to indicate that "unfortunately, your ERTC claim has not been filed." In that email, the Defendant VES asked for the calculations of the accounting firm a second time, to submit to the IRS on the form.

31. Through counsel, the Defendant VES admitted that they had still not filed the 941-x form for the Plaintiff, on or about August 23, 2023.

32. To date, neither Defendant has not produced the 941-x forms that should have been filed to collect the ERTC on behalf of the Plaintiff.

33. On September 14, 2023, the IRS placed a moratorium on the processing of ERTC claims.

34. On January 18, 2024, the Defendant VES sent the Plaintiff an email that stated, in part, that the ERTC credit was being terminated as of January 31, 2024, and that they (the Defendant) were no longer filing anymore ERTC claims for its clients.

35. Counsel for Plaintiff sent numerous emails inquiring as to whether or not the 941-x form had been filed, emails that went ignored.

### COUNT 1: BREACH OF CONTRACT- Both Defendants

36. The Plaintiff repeats and restates all previous paragraphs of this complaint.

37. The Plaintiff and Defendants entered into a binding agreement for payroll services, and accounting services, including but not limited to the drafting and filing of federal 941 payroll forms with the Internal Revenue Service, and any amendments thereto.

38. The Defendants agreed to file the necessary forms to collect a substantial government credit on behalf of its client, the Plaintiff.

39. The Defendants failed to file the necessary forms with the Internal Revenue Service.

40. Due to the Defendants' failure to file the necessary forms with the Internal Revenue Service, the Plaintiff has lost the ability to collect the credit from the US Federal Government.

41. The Defendants breached their contracted obligations to the Plaintiff by failing to file the necessary forms.

42. The Plaintiff paid the Defendants, thus completing its end of the contracts.

43. The Plaintiff provided all requested documents to the Defendants, thus completing its end of the contract.

44. The Plaintiff suffered damages as a result of the Defendants breach.

45. The Plaintiffs financial damages were a proximate and foreseeable result of the Defendants breaches of the contracts.

WHEREFORE, the Plaintiff hereby requests this Honorable Court for a judgment against the Defendants, including joint and several liability, for breach of contract and an order of damages to equal the loss of the credit, plus interest, consequential damages, costs and any other damage the Court deems proper and just.

**COUNT 2: FRAUD- MISREPRESENTATION- As to Vensure Employment Services Only.**

46. The Plaintiff repeats and restates all previous paragraphs of this complaint.

47. The Defendant VES , in telling the Plaintiff that the documents had been filed, made a false representation.

48. The Defendant VES knew, or should have known, that the representation was in fact false.

49. The representation was made to the Plaintiff in order for the Plaintiff to rely on said representation.

50. The Plaintiff continued to pay the Defendant for its services, presumably the services that the Defendant VES claimed it had completed, knowing full well they had not.

51. The Plaintiff relied on said representations made by the Defendant VES, in not replacing the VES as their PEO, and in continuing to pay VES its requested fees.

52. The Plaintiff has been harmed financially by the Defendant VES's fraudulent misrepresentation.

WHEREFORE, the Plaintiff hereby requests this Honorable Court for a judgment against the Defendant VES for fraudulent misrepresentation and an order of damages to equal the loss of the credit, plus interest, consequential damages, reasonable attorney's fees, costs and any other damage the Court deems proper and just, including punitive damages.

### COUNT 3: NEGLIGENCE- Both Defendants

53. The Plaintiff repeats and restates all previous paragraphs of this complaint.

54. The Defendants both owed a duty of care to the Plaintiff to file all appropriate documentation with the Internal Revenue Service in regards to payroll, 941 forms and any amendments thereto.

55. The Defendants both failed to properly file the documents for the ERTC on behalf of the Plaintiff.

56. The Plaintiff suffered damages as a result of the Defendants failures to file said documents.

57. The damages were a proximate and foreseeable consequence of their failure to file said documents.

58. The Defendants breached its duty of care to the Plaintiff causing financial damage.

WHEREFORE, the Plaintiff hereby requests this Honorable Court for a judgment against the Defendants, jointly and severally, for negligence and an order of damages to equal the loss of the credit, plus interest, consequential damages, costs and any other damage the Court deems proper and just.

### COUNT 4: UNJUST ENRICHMENT- Both Defendants

59. The Plaintiff repeats and restates all previous paragraphs of this complaint.

60. The Plaintiff paid the Defendants for services rendered, specifically for the drafting and filing of federal 941 tax forms and any amendments thereto.

61. The Defendants failed to draft and file said forms properly, even after being paid a substantial sum by the Plaintiff.

62. The Defendants have not returned the Plaintiffs payments, and therefore was unjustly enriched to the Plaintiff's financial detriment.

WHEREFORE, the Plaintiff hereby requests this Honorable Court for a judgment against the Defendants for unjust enrichment and an order of damages to equal the loss of the credit, plus interest, consequential damages, costs and any other damage the Court deems proper and just.

### COUNT 5: QUASI-CONTRACT (QUANTUM MERUIT)- Both Defendants

63. The Plaintiff repeats and restates all previous paragraphs of this complaint.

64. The Plaintiff paid the Defendants for the purpose of drafting and filing all documents necessary in regards to payroll taxes and any credits thereto.

65. The Defendants received and appreciated that payment and knowingly accepted it in exchange for those services.

66. The Defendants did not provide those services, to the financial detriment of the Plaintiff.

67. The Defendants retention of that benefit would be inequitable under the circumstances.

WHEREFORE, the Plaintiff hereby requests this Honorable Court for a judgment against the Defendants for quasi-contract and an order of damages to equal the loss of the credit, plus interest, consequential damages, costs and any other damage the Court deems proper and just.

### COUNT 6: BREACH OF FIDUCIARY DUTY- Defendant Vensure Employment Services

68. The Plaintiff repeats and restates all previous paragraphs of this complaint.

69. The Plaintiff entrusted the Defendant VES to complete, file, and potentially amend tax returns.

70. There is a significant amount of confidence and a disparity of knowledge between the Plaintiff and Defendant VES.

71. The Defendant was responsible for paying the federal government payroll taxes and was entrusted with payroll funds, and entrusted with the filing of amended payroll tax forms.

72. The Defendant VES failed at filing said amendments to garner a significant tax credit.

73. The Defendant VES handles the Plaintiff's payment of payroll taxes to the federal and state governments.

74.     The Plaintiff relies upon the Defendant to collect payroll taxes due, draft the necessary documents for filing, and submit the forms to the appropriate governments.

75.     The Defendant VES failed to complete these tasks, after collecting and retaining funds on behalf of the Plaintiff.

WHEREFORE, the Plaintiff hereby requests this Honorable Court for a judgment against the Defendant VES for breach of fiduciary duty, and an order of damages to equal the loss of the credit, plus interest, consequential damages, reasonable legal fees, costs and any other damage the Court deems proper and just.

Dated: April 8, 2024

_____
Brian D. Condon, Jr.  Bar No. 8588
Attorney for Plaintiff

Law Office of Brian D. Condon, Jr.
126 Main Street - PO Box 169
Winthrop, ME  04364
(207) 377-3005